IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No.: 7:16-CR-1-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AUSTIN CALDWELL DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on the government's motion seeking action on conditions of Defendant's pretrial release, pursuant to 18 U.S.C. § 3148. The court held a hearing on the motion on April 11 and 21, 2016.

The government moved for revocation of Defendant's release on the grounds that Defendant violated the terms of his release conditions by (1) taking a controlled substance not prescribed to him and (2) failing to report contact with law enforcement. [DE-23]. The government produced the testimony of Mr. Erik Graf, Defendant's supervising pretrial services officer. Mr. Graf testified that while released on conditions including that he not use unprescribed narcotic drugs, Defendant ingested several Xanax tablets that were prescribed to his cousin. According to Mr. Graf, while on release, Defendant was admitted to hospitals experiencing suicidal thoughts and that his conduct and statements led his family members to believe that he was suicidal. Mr. Graf testified further that while Defendant failed to contact probation immediately after contact with law enforcement following a traffic stop, Defendant subsequently advised probation of such contact, and that probation would not now seek revocation on these secondary grounds. Defendant, through counsel, cross-examined Mr. Graf, but no testimony was elicited rebutting Mr. Graf's direct examination testimony. Defendant did

not offer any testimony or a proposed third party custodian. The court had continued this matter from its earlier hearing in order to allow defense counsel to explore the viability of placing Defendant in an in-patient treatment facility which may reasonably assure the court as required. Although defense counsel was able to propose release to a Veterans Administration medical facility located in Salisbury, North Carolina, it appeared to the court that the parameters of such release, including the extent to which conditions imposed by the court would be effectuated, remained undefined.

Based on the materials presented, the court finds that there is clear and convincing evidence that Defendant has violated the conditions of his release by taking a controlled substance not prescribed to him. Based on the factors set forth in 18 U.S.C. § 3142(g) there is no condition or combination of conditions of release that will assure the court that Defendant will not flee or pose a danger to any other person or to the community nor does the court find Defendant is likely to abide by conditions of release. 18 U.S.C. § 3148(b)(1). The principal findings and reasons underlying the court's determination include the following: (1) the basis for the government's motion, (2) Defendant's apparent mental status, (3) the lack of an adequate release plan, and (4) other reasons stated in open court.

It is therefore ordered that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or upon request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of appearance in connection with a court proceeding.

So ordered, the 21st day of April 2016.

                                                Robert B. Jones, Jr.
                                                United States Magistrate Judge